

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-91,197-01 AND WR-91,197-02

### EX PARTE JONATHAN HOSS KIBLER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. F-2002-1689-D WHC 1 AND F-2002-1690-D WHC 1
### IN THE 362ND DISTRICT COURT FROM DENTON COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to two charges of indecency with a child by exposure in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to concurrent two-year sentences after adjudication. Applicant did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being improperly required to register for life as a sex offender, due to an erroneous interpretation of Article 62.101(a)(4) of the Texas Code of Criminal Procedure. Article 62.101(a)(4) states that a person is required to register for life if the person has a reportable conviction for an offense under Section 21.11(a)(2) of the Texas Penal Code and, "before or after

the person is convicted or adjudicated for the offense under Section 21.11(a)(2), Penal Code, the person receives or has received another reportable conviction or adjudication. . . for an offense or conduct that requires registration under this chapter[.]" Applicant argues that the language "before or after the person is convicted" does not contemplate the use of convictions received at the same time. We order that this application be filed and set for submission to determine whether a person who is convicted of multiple charges of indecency with a child by exposure adjudicated at the same time is properly considered to have received multiple convictions "before or after" conviction as described in Article 62.101(a)(4) . The parties shall brief these issues. Oral argument will not be permitted.

Applicant appears to be represented by counsel. If not, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him. *See* TEX. CODE CRIM. PROC. art. 26.04. Within sixty days from the date of this order, the trial court shall send to this Court a supplemental transcript containing a confirmation that Applicant is represented by counsel, the order appointing counsel, or a statement that Applicant is not indigent or does not want to be represented by counsel. All briefs shall be filed with this Court within ninety days from the date of this order.

Filed: May 6, 2020
Do not publish